**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| BRANDON JORDAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. )<br>) | No. 8:12-cv-01676-DCN<br><br><br>**ORDER** |

      This matter is before the court on a motion for attorney's fees filed by claimant Brandon Jordan ("Jordan") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Jordan requests $4,644.68 in attorney's fees on the ground that he is a prevailing party under the EAJA. The Commissioner contests Jordan's request for such fees and costs, asserting that her position was substantially justified.

      Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Jordan is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (noting that "a party who wins a sentence-four remand order is a prevailing party").

      The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis"

1

but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991); see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

In this case, the magistrate judge recommended that the court find that the ALJ properly discounted the opinion of Dr. Dennis Chipman ("Dr. Chipman"), an examining physician, based on the ALJ's finding that the opinion "was obtained through an attorney referral, . . . was not obtained for the purpose of treatment and [] was inconsistent with the other medical opinions of record." Report & Recommendation 31. On September 20, 2013, after Jordan filed objections to the report and recommendation ("R & R"), this court rejected the R&R on the basis that the "ALJ's decision inadequately explained how

Dr. Chipman's opinion is inconsistent with the record and because attorney referral alone may not alone provide grounds for rejecting medical opinions." Order 15.

In his decision, the ALJ stated that he afforded little weight to the opinion of Dr. Chipman because

> the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, Dr. Chipman was presumably paid for the report. Although such evidence deserves due consideration, the context in which it was produced cannot be entirely ignored. Moreover, Dr. Chipman's opinion it is not consistent with the longitudinal record.

Tr. 22. Elsewhere in his decision, the ALJ also noted that Dr. Chipman formed his opinion after examining Jordan one time. Tr. 17.

The court relied on See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994), in finding that the ALJ failed to adequately explain why he found Dr. Chipman's opinion inconsistent with the record. The court recognized that "[t]he ALJ need not set forth her findings in a particular format, . . . , and the ALJ does lay out Jordan's medical history in some detail." Order 15. However, the court ultimately found that "the ALJ's cursory discussion of the weight assigned to Dr. Chipman's opinion presents 'inadequate information to accommodate a thorough review.'" Order 15 (quoting Wash. Metro, 36 F.3d at 384).

The Commissioner asserts that her position was substantially justified because reasonable minds could disagree on whether the ALJ properly discounted Dr. Chipman's opinion. In support, she notes that the ALJ provided a detailed discussion of the medical record, which included medical opinions inconsistent with Dr. Chipman's opinion. The

Commissioner argues that the ALJ's decision, when read in its entirety, provides context to the ALJ's finding that Dr. Chipman's opinion was inconsistent with the record.

The Commissioner also notes that the magistrate judge "found no deficiency in the ALJ's discounting of Dr. Chipman's opinion and recommended that the ALJ's decision be affirmed." Def.'s Resp. 4. She cites several cases from this district in which the court found that the Commissioner's position was substantially justified in part because the magistrate judge came to a different conclusion than the court. See Proctor v. Astrue, No. 5:11-cv-311, 2013 WL 1303115, at *2 (D.S.C. Mar. 29, 2013) ("The fact that the Magistrate Judge sided with the Commissioner and this court disagreed with that recommendation clearly illustrates that the legal issue involved was a close one about which reasonable minds could disagree."); McCraven v. Astrue, No. 0:09-cv-1305, 2011 WL 743228, at *1 (D.S.C. Feb. 24, 2011) ("Here, the Government's position was not unjustified. For one, the Magistrate Judge recommended affirming."); Levine v. Astrue, No. 0:09-cv-1737, 2010 WL 3522383, at *2 (D.S.C. Sept. 3, 2010) (noting that the court came to a different conclusion than the magistrate judge and finding that "reasonable minds disagreed about the Commissioner's final decision"). The Commissioner argues that the magistrate judge's affirmance of the ALJ's decision evidences the fact that reasonable minds could disagree on the ALJ's treatment of Dr. Chipman's opinion.

The court is persuaded by the Commissioner's arguments and relevant case law within this district. While her position did not warrant affirmance, it had "a reasonable basis in law and in fact" such that "a reasonable person could think it correct." Underwood, 487 U.S. at 566 n.2. As a result, the Commissioner's position was substantially justified.

For these reasons, the court finds that the Commissioner has met her burden of showing that her position was substantially justified. Therefore, the court **DENIES** Jordan's motion for attorneys' fees.

**AND IT IS SO ORDERED**.

                                                 **DAVID C. NORTON**
                                                 **UNITED STATES DISTRICT JUDGE**

**June 2, 2015**
**Charleston, South Carolina**